UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANK THORWALD and
FLORINE DUFFIELD,

    Plaintiffs,

vs.                                                    Civ. No. 08-128 JP/WDS

GORDON SEVIG TRUCKING CO.
and CARL LINMANN,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

On June 1, 2009, Defendants Gordon Sevig Trucking Co. ("GSTC") and Carl Linman filed Defendants' Additional Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claims (Doc. No. 105) and Defendant's Memorandum in Support (Doc. No. 104). In their motion, Defendants argue that Plaintiffs Frank Thorwald and Florine Duffield, in their complaint and in the pre-trial order, only allege gross negligence on the part of Defendants. In Defendants' view, under New Mexico law–the governing law in this diversity case–gross negligence alone does not suffice to support punitive damages. In response, Plaintiffs argue that factual allegations in their complaint and in the pre-trial order put Defendants on sufficient notice of the punitive damages claim. (Doc. No. 113).

If viewed as a motion for summary judgment, Defendants' motion is untimely. (Scheduling Order, Doc. No. 18 (Dec. 18, 2008 deadline for pre-trial motions).) The Court has the discretion to deny the motion on that basis. However, Defendants raise no issue of fact in their motion; in effect, Defendants move to dismiss the punitive damages claim for failure to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 12, such a

motion may be made "by a motion under Rule 12(c) or at trial." Fed. R. Civ. P. 12(h)(2)(B), (C). A motion under Rule 12(c)–a motion for judgment on the pleadings–must be made "early enough not to delay trial." *Id.* 12(c). As trial is set for July 9, 2009, the Court considers the motion timely when viewed as a motion to dismiss for failure to state a claim. However, the Court views the pre-trial order (Doc. No. 81), not Plaintiffs' complaint, as controlling the sufficiency of Plaintiffs' punitive damages claim.

Under Federal Rule of Civil Procedure 16, the pretrial order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). "The court may modify the order issued after a final pretrial conference only to prevent manifest injustice." *Id.* 16(e). "Since the whole purpose of Rule 16 is to clarify the real nature of the dispute at issue, attorneys at a pre-trial conference must make a full and fair disclosure of their views as to what the real issues of the trial will be." *Youren v. Tintic Sch. Dist.*, 343 F.3d 1296, 1304 (10th Cir. 2003) (citation and quotation omitted). This Court "has discretion to exclude from trial issues and claims not set forth in the pretrial order." *Rios v. Bigler*, 67 F.3d 1543, 1549 (10th Cir. 1995) (citation omitted).

The discussion turns to the merits. As noted by the Court in its Memorandum Opinion and Order denying Defendants' first motion for summary judgment (Doc. No. 80), it is unsettled law in New Mexico whether gross negligence alone suffices to support a claim for punitive damages in a tort action. (*Id.* at 10 n.5 (citing *Clay v. Ferrellgas, Inc.*, 881 P.2d 11, 15 n.2 (N.M. 1994); *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1250 n.8 (10th Cir. 2000).) Therefore, the Court disagrees with Defendants' view of New Mexico law.

However, the Court need not try to settle New Mexico law, as the Court agrees with Plaintiffs: in the pre-trial order, Plaintiffs have given full and fair disclosure that there is a punitive damages issue. Although the pre-trial order uses the legal term "gross negligence," in

the order Plaintiffs factually allege reckless behavior by Linman and knowledge and disregard of that behavior by GSTC. (Doc. No. 81 at 4.) This suffices to state a claim for punitive damages under settled New Mexico law. (*See* Doc. No. 80.) Defendants can hardly pretend surprise at the punitive damages claim or the facts supporting it: both were addressed extensively in the briefing for and the Court's Memorandum Opinion and Order denying Defendants' Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claims (Docs. No. 50, 51, 52, 53, 58, 80). Therefore, Defendants' motion should be denied.

**IT IS THEREFORE ORDERED THAT:**

Defendants' Additional Motion for Partial Summary Judgment on Plaintiffs' Punitive Damages Claims (Doc. No. 105) is DENIED.

_____
SENIOR UNITED STATES DISTRICT JUDGE